Pasha S. ANWAR, et al., Plaintiffs,

v.

FAIRFIELD GREENWICH LIMITED, et al., Defendants.

09–cv–118 (VM)

United States District Court, S.D. New York.

Signed August 28, 2015

---

Christopher Lovell, Victor E. Stewart, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner LLP, James Abram Harrod, III, Wolf Popper LLP, Robert Alan Wallner, Milberg LLP, William M. O'Connor, Thompson & Knight, LLP, New York, NY, Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, for Plaintiffs.

Richmon Company Ltd., Pro Se.

Positano Investment Ltd., Pro Se.

Mark Geoffrey Cunha, Michael Joseph Chepiga, Jeffrey Edward Baldwin, Jeffrey Lawrence Roether, Paige Elizabeth Fleming, Paul Jacob Sirkis, Peter Eric Kazanoff, Philip A. Mirrer–Singer, Sara Ann Ricciardi, Simpson Thatcher & Bartlett LLP, Glenn Kurtz, White & Case LLP, Andrew J. Levander, Dechert, LLP, Adam K. Grant, Polsinell PC, Daniel R. Benson, Daniel J. Fetterman, Marc E. Kasowitz, Kasowitz, Benson, Torres & Friedman, LLP, Helen Virginia Cantwell, Mark P. Goodman, Debevoise & Plimpton, LLP, Andrew M. Genser, George N. Bauer, Kirkland & Ellis LLP, William R. Maguire, Gabrielle Sean Marshall, Sarah Loomis Cave, Hughes Hubbard & Reed LLP, Stephen Lee Weinstein, Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C., David Scott Hoffner, Hoffner PLLC, New York, NY, Jennie Boehm Krasner, Dechert, LLP, Princeton, NJ, Amy E. Crawford, Brenton Rogers, Emily Nicklin, Timothy A. Duffy, Kirkland & Ellis LLP, Chicago, IL, Ricardo Alejandro Gonzalez, Greenberg Traurig, P.A., Miami, FL, Joseph Clay Coates, III, Jon Andrew Jacobson, Lauren Whetstone, Greenberg Traurig, West Palm Beach, FL, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

On August 12, 2015, defendants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., Standard Chartered Bank, and Standard Chartered PLC (collectively, "Standard Chartered Defendants") moved for reconsideration (the "Motion for Reconsideration") of this Court's Decision and Order dated July 29, 2015 (Dkt. No. 1396, the "July 29 Decision"), insofar as it denied the Standard Chartered Defendants' motion to dismiss the "Due Diligence Claims" brought by the Standard Chartered Plaintiffs.[1] (Dkt.Nos.1399, 1400.)

On August 13, 2015, the Court denied the Standard Chartered Defendants' motion as to their first two arguments: (1) that the Court "misapplied [*In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128 (2d Cir. 2015)] by considering only the Madoff fraud in assessing conduct"; and (2) that the Court "overlooked controlling precedent [i.e., *Romano v. Kazacos*, 609 F.3d 512 (2d Cir.2010); *Hanly v. S.E.C.*, 415 F.2d 589 (2d Cir.1969)] establishing that Plaintiffs' 'Due Diligence Claims' rest on the Bank providing false and misleading investment recommendations." (*See* Dkt. No. 1403 at 3–4, the "August 13 Decision.")

However, the Court acknowledged that the Standard Chartered Defendants' third

---

1. As discussed more fully in the July 29 Decision, the term "Standard Chartered Plaintiffs" denotes the 74 plaintiffs in the 56 cases asserting claims against the Standard Chartered Defendants, and which were consolidated in this Court for pretrial purposes.

argument—that the "unique due diligence claim" in *Saca v. Standard Chartered Bank Int'l (Americas) Ltd.*, No.[1] 11–CV–3480, is predicated on allegations of false conduct and should be precluded under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. No. 105–353, § 101, 112 Stat. 3227 (1998), 15 U.S.C. §§ 77p(b), 77bb(f)(1)—warranted further consideration. (August 13 Decision at 9.) As such, the Court ordered the Standard Chartered Plaintiffs to show cause as to why the Court should not dismiss the allegations that are predicated on a duty to disclose investment risk and that Plaintiffs offer in support of their breach of fiduciary duty claims, as argued in *Saca*. The Court assumes familiarity with the relevant facts and legal standards as described in the July 29 Decision, the Motion for Reconsideration, and the August 13 Decision.

By letter dated August 20, 2015, the *Saca* Plaintiffs indicated their agreement with the Court's description of claims permitted under SLUSA, and indicated that they "will pursue no claims that are 'predicated on allegations of either complicity in the Madoff fraud or any other conduct by the Standard Chartered Defendants involving falsity as an element.'" (Dkt. No. 1405 (*quoting* August 13 Decision at 9).) Further, the *Saca* Plaintiffs "acknowledge[d] that 'allegations predicated on the failure to disclose investment risk' ... are precluded." (*Id.* (*quoting* August 13 Decision at 10).)

The Court agrees that such allegations are predicated on allegations of false conduct with respect to the valuation of the Madoff feeder funds and the risk therein of investing in those funds. Therefore, the Court now dismisses those particular allegations supporting breach of fiduciary duty claims. As the Court noted in its August 13 Decision, even though such allegations are dismissed, all of the Standard Chartered Plaintiffs have "surviving Due Diligence Claims based on duties independent of any duty to disclose investment risk." (August 13 Decision at 10.)

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 1399) of defendants Standard Chartered Bank International (Americas) Ltd., Standard Chartered International (USA) Ltd., Standard Chartered Bank, and Standard Chartered PLC (collectively, "Standard Chartered Defendants") for reconsideration of the Court's July 29, 2015 Decision and Order is **GRANTED** in part, as described in the Decision above, dismissing allegations based on the Standard Chartered Defendants' failure to disclose investment risk. The Court's August 13, 2015 Decision and Order denying in part the Standard Chartered Defendants' motion for reconsideration remains in effect.

The Clerk of Court is directed to terminate the Standard Chartered Defendants' motion for reconsideration (Dkt. No. 1399). **SO ORDERED.**